**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| TRACY DAVIS BOULES | § | |
| | § | |
| v. | § | |
| | § | Case No. 2:17-cv-544-RSP |
| COMMISSIONER, SOCIAL | § | |
| SECURITY ADMINISTRATION | | |

**MEMORANDUM RULING**

On July 27, 2016, Administrative Law Judge Doug Gabbard, II issued a decision finding that Petitioner Tracy Davis Boules was not disabled within the meaning of the Social Security Act from May 14, 2014 through the date of the decision. Ms. Boules, who was 49 with a high school education and one year of college at that time, was found to be suffering from severe impairments consisting of lumbar degenerative disc disease, status post right shoulder hemiarthroscopy, and lumbosacral neuritis. These impairments resulted in restrictions on her ability to work, and she had not engaged in any substantial gainful activity since at least May 14, 2014. Her past relevant work was as a pharmacy technician, and she was unable to return to that work.

After reviewing the medical records and receiving the testimony at the June 22, 2016 video hearing, the ALJ determined that Petitioner had the residual functional capacity to perform a restricted range of light work as defined in the Social Security regulations--which involves lifting and/or carrying 20 pounds occasionally and 10 pounds frequently. She can only stand or walk up to one hour, and sit up to seven hours, in an eight-hour workday. She can only occasionally climb ramps or stairs, and never climb ladders, ropes and scaffolds. She can occasionally balance, stoop, kneel, crouch, and crawl. She can do no overhead reaching with her right dominant arm, and must

1

be allowed to alternatively sit and stand every 10 to 20 minutes throughout the workday for the purpose of changing positions, but without leaving the workstation.

Based on the testimony of a vocational expert witness, Bonnie M. Ward, the ALJ determined that Petitioner could perform the requirements of certain jobs that exist in significant numbers in the national economy, such as food and beverage order clerk, and document preparer. This finding resulted in the determination that Petitioner was not entitled to Social Security disability insurance benefits. Petitioner appealed this finding to the Appeals Council, which denied review on June 20, 2017. Petitioner timely filed this action for judicial review seeking remand of the case for award of benefits.

This Court's review is limited to a determination of whether the Commissioner's final decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standards in evaluating the evidence. See *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir.1995); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir.1994), cert. denied, 514 U.S. 1120, 115 S.Ct. 1984, 131 L.Ed.2d 871 (1995). Substantial evidence is more than a scintilla, but can be less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir.1995). A finding of no substantial evidence will be made only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir.1988) (citing *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir.1983)). In reviewing the substantiality of the evidence, a court must consider the record as a whole and "must take into account whatever in the record fairly detracts from its weight." *Singletary v. Bowen,* 798 F.2d 818, 823 (5th Cir.1986).

Petitioner raises two issues on this appeal:

1. The Administrative Law Judge failed to identify the Listings that Plaintiff purportedly failed to meet and did not explain why he felt she did not meet the Listings.

2. The ALJ's residual functional capacity assessment is not supported by substantial evidence.

*Issue No. 1:*

The Social Security Administration has developed a lengthy list of impairments that it considers serious enough to prevent a person from performing any gainful activity. This Listing of Impairments ("Listings") appears at 20 C.F.R. Part 404, Subpart P, Appendix 1. When a claimant's impairments match an impairment on the list, the claimant is automatically entitled to disability benefits. *Sullivan v. Zebley*, 493 U.S. 521, 531, 110 S.Ct. 885, 889 (1990). The criteria for the Listings are "demanding and stringent." *Falco v. Shalala*, 27 F.3d 160, 162 (5th Cir. 1994). As the Supreme Court has noted, "for a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan*, *supra* at 891 (emphasis in original).

The ALJ found during his discussion of step three that "claimant's impairments do not meet or medically equal the level of severity set forth in any of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. The claimant does not allege that she has any impairments of listing level severity, nor has [s]he met his [sic] burden of presenting medical evidence that supports such a finding." Tr. 68.

The Commissioner admits that the ALJ did not discuss any specific listings in his opinion but contends that such failure is harmless unless Petitioner can point to evidence in the record that

would support the application of a specific listing. In *Audler v. Astrue*, 501 F.3d 446, 449 (5th Cir. 2007), the Court dealt with the same argument in a case with a similarly conclusory treatment of the listing issue by the ALJ. After addressing medical evidence submitted by the petitioner, the Court held: "Absent some explanation from the ALJ to the contrary, Audler would appear to have met her burden of demonstrating that she meets the Listing requirements for § 1.04A, and therefore her substantial rights were affected by the ALJ's failure to set out the bases for her decision at step three." *Id*. The question here thus becomes whether there is evidence in the record to carry that burden.

Rather than simply deny that the record supports a Listing, the Commissioner argues that certain requirements for each listing at issue are disproven by the record.

Listing 1.02(A) covers the major dysfunction of a joint, which among other requirements, must result "in inability to ambulate effectively," which is defined as follows in the regulations:

> "To ambulate effectively, individuals must be capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living. They must have the ability to travel without companion assistance to and from a place of employment or school. Therefore, examples of ineffective ambulation include, but are not limited to, the inability to walk without the use of a walker, two crutches or two canes, the inability to walk a block at a reasonable pace on rough or uneven surfaces, the inability to use standard public transportation, the inability to carry out routine ambulatory activities, such as shopping and banking, and the inability to climb a few steps at a reasonable pace with the use of a single hand rail. The ability to walk independently about one's home without the use of assistive devices does not, in and of itself, constitute effective ambulation."

The Commissioner argues that Petitioner does not meet Listing 1.02 because there is no evidence that she cannot ambulate effectively, specifically evidence of the inability to walk without the use of a walker.

At her June 22, 2016 hearing, Petitioner was asked by the ALJ "Do you use the walker all the time?" She answered "yes, sir. I have – I fell again. I was getting to where, even with the

cane, I would fall all the time. So my doctor suggested that I get one of these, and wrote me a prescription for it, to where I could be more stable." Tr. 91. The report of her May 6, 2016 exam by Dr. Fruge, her primary care physician, notes "Ambulation: ambulation with walker." Tr. 754. Similarly, the August 16, 2016 report of her pain management physician, Dr. Emechebe, notes that Petitioner was "reliant on 4 wheel walker for balance." Tr. 11. The November 1, 2016 exam notes that she had "gait: antalgic with rollator walker." Tr. 31. The Court finds that it is not fair to say that the failure of the ALJ to give reasons for his finding that Petitioner did not meet Listing 1.02 was harmless.

Listing 1.04(A) covers disorders of the spine resulting in compromise of a nerve root, which among other things, requires a showing of "motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss." The Court need not reach the question whether there is sufficient evidence to render harmless the failure of the ALJ to address this listing. Rather, it is expected that the ALJ will expressly consider all applicable listings on remand.

*Issue No. 2*:

The second issue is whether the ALJ properly disregarded the opinion of Dr. Emechebe and the testimony of the Petitioner concerning how long she could sit, stand and/or walk within an eight-hour workday. The Commissioner responds, among other things, by pointing out that one of the opinions at issue was dated after the ALJ issued his decision. Again, it is not necessary to reach this issue, since the matter will be remanded for further proceedings and the ALJ can be expected to address all of the medical evidence at that time.

*Conclusion:*

Having found that substantial evidence does not support the finding of the ALJ, the ruling below is reversed and remanded to the Commissioner pursuant to the fourth sentence of 42 U.S.C. §405(g) for further proceedings consistent with this ruling.

**SIGNED this 12th day of September, 2018.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE